**SCHLITTLER v. KING.**

No. 13095.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 1, 1935.

Rehearing Denied March 15, 1935.

Wm. R. Watkins, of Fort Worth, for appellant.

Bert King, of Wichita Falls, and Marshall & King, of Graham, for appellee.

LATTIMORE, Justice.

Our former opinion is withdrawn and this abbreviated opinion, to the same effect, is substituted.

This is an appeal from a default judgment in trespass to try title. The appellant, by a motion for new trial filed more than two months after the entry of the default, sought to have the case restored to the trial docket.

■ The statement of facts is wholly composed of the evidence adduced on the hearing of the motion. It contains evidence of what the appellant conceives to be the facts upon which appellee based his suit, but there is no word of testimony as to what the evidence, if any, was upon which the trial court based the default judgment. We observe that the land described in the judgment is the same land as is described in a constable's deed under execution in another cause—No. 9294—district court of Young county. That sale under execution is claimed to have been insufficient for want of advertising of notices thereof by newspaper, but the defendant was cited to appear in trespass to try title suit after that constable's sale had been made in the presence and with the knowledge of the appellant, and no fact is offered or attempted to be offered by the appellant to excuse his failure to defend or to sooner express his intention to question that decree. On the contrary, the record affirmatively shows that

appellee showed the draft of the judgment in this case to appellant, who expressed no dissent thereto, and that, relying on this judgment, appellee, at considerable labor and expense, procured an oil well to be drilled in connection with this land; that appellant still made no resistance or objection to appellee's judgment until the well was in productive oil stratum, when he then filed this motion. We are of the opinion that this laches justifies the action of the trial court in overruling the motion.

Appellant insists that it is not necessary to show diligence when he relies on the fact that the evidence before the court at the default trial was itself insufficient to justify the judgment, but we cannot say what evidence was before the court at the taking of such judgment. Article 7383, R. S.

The motion for rehearing is overruled.